UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CHERRY HARGROVE,

                      Plaintiff,                      NOT FOR PUBLICATION
                                                             **MEMORANDUM & ORDER**
    -against-                                    11-CV-06344 (CBA) (LB)

NEW YORK CITY SCHOOL CONSTRUCTION
AUTHORITY and NEW YORK CITY
BOARD OF EXUCATION,

                      Defendants.
---------------------------------------------------------------x
AMON, Chief United States District Judge.

On December 27, 2011, Cherry Hargrove, appearing pro se, filed this action against defendants New York City School Construction Authority ("SCA") and New York City Board of Education[1] ("BOE"). She alleges principally that she experienced discrimination in connection with the condemnation of her property in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., § 1.4 of Title 24 (Housing and Urban Development) of the Code of Federal Regulations, the Fair Housing Act, 42 U.S.C. § 3601 et seq., and her constitutional rights to due process and equal protection. On September 7, 2012, defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court referred the matter to Magistrate Judge Louis Bloom for report and recommendation. On February 22, 2013, Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court (1) grant defendants' motion regarding Hargrove's equal protection, due process, Fair Housing Act and 24 C.F.R. § 1.4 claims; and (2) deny defendants' motion as to Hargrove's Title VI claims.

---
[1] As discussed in Magistrate Judge Bloom's report and recommendation, although the body Hargrove refers to as the New York City Board of Education has been renamed the "Panel for Educational Policy," the Court continues to use Hargrove's terminology in this Order to avoid confusion. (R&R at 1 n.1.)

1

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Bloom's R&R as the opinion of the Court.[2] Accordingly, defendants' motion for judgment on the pleadings is granted with respect to Hargrove's equal protection, due process and Fair Housing Act claims, and those claims are therefore dismissed. Defendants' motion as to Hargrove's Title VI claims, however, is denied.

SO ORDERED.

Dated: Brooklyn, New York
May 23, 2013

Carol Bagley Amon
Chief United States District Judge

---

[2] It is not apparent that the decision in Tobias v. First City Nat'l Bank & Trust Co., 709 F. Supp. 1266 (S.D.N.Y. 1989), supports the proposition stated on page 8 of the R&R that the failure to provide time for an oral argument does not preclude the application of the doctrine of collateral estoppel. This uncertainty, however, does not change the R&R's otherwise persuasive determination that Hargrove's claim that the Appellate Division denied her a full and fair hearing by forcing her to present her case in fifteen instead of thirty minutes is without merit.