FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 3 0 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHERRY HARGROVE,

               Plaintiff,

- against -

NEW YORK CITY SCHOOL CONSTRUCTION
AUTHORITY, and NEW YORK CITY
BOARD OF EDUCATION,

               Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-6344 (CBA) (LB)

AMON, Chief United States District Judge.

      Plaintiff Cherry Hargrove, proceeding pro se, commenced this action on December 27, 2011. On May 23, 2013, this Court issued an order dismissing all of plaintiffs' claims except those under Title VI of the Civil Rights Act of 1964. In her sole surviving claim, plaintiff alleges that defendants discriminated against her based on her race by refusing to negotiate the purchase of her property before acquiring it through eminent domain. Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56. (DE #46).

      Currently before the Court is a Report & Recommendation ("R&R") issued by Magistrate Judge Lois Bloom on May 7, 2014, which recommends that the Court grant defendants' motion for summary judgment on two grounds. First, Magistrate Judge Bloom found that plaintiff failed to establish a prima facie case under Title VI which would allow a reasonable jury to conclude that she was discriminated against. (See R&R at 6-7). Second, Magistrate Judge Bloom determined that even if plaintiff had established a prima facie case of intentional discrimination, the defendants were still entitled to summary judgment because defendants provided a legitimate, non-discriminatory reason for failing to negotiate with the plaintiff. (See R&R at 8).

1

On May 20, 2014, Hargrove submitted a timely objection to Magistrate Judge Bloom's R&R. (DE #57). The objection simply re-stated previously filed arguments.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" under the federal rules. Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) ("[T]o the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." (internal quotation marks and alterations omitted)).

Because Hargrove's submission, even liberally construed, does not contain a specific objection to any portion of Magistrate Judge Bloom's R&R, the Court reviews the R&R for clear error. Finding no clear error, the Court hereby adopts the R&R in its entirety as the Decision and Order of this Court. In an abundance of caution, the Court has also conducted a de novo review of the record and motions and likewise adopts Magistrate Judge Bloom's recommendation under the more stringent standard.

The Clerk of Court is directed to terminate all pending motions, enter judgment accordingly, and close the case.

SO ORDERED.

Dated: July 29, 2014
      Brooklyn, N.Y.

s/Carol Bagley Amon
_____
Carol Bagley Amon
Chief United States District Judge